**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NOEL MALDONADO, | |
| *Petitioner*, | Civil Action No. 26-cv-01280 |
| v. | **ORDER** |
| LUIS SOTO, *et al.*, | June 16, 2026 |
| *Respondents*. | |

**THIS MATTER** comes before the Court upon the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  Respondents filed a response to the Court's Order to Show Cause.  (ECF No. 5.)  Petitioner thereafter filed a reply  (ECF Nos.7, 7-1), and a Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 12).  Having reviewed the parties' submissions and the record, the Court finds as follows.

Petitioner challenges his continued immigration detention following his arrest by immigration authorities on January 30, 2026.  (ECF No. 1 ¶¶ 28–29.)  The parties agree that Petitioner is presently detained pursuant to 8 U.S.C. § 1231(a).  (ECF No. 1 ¶ 32; ECF No. 5 at 2.) The Court likewise concludes that § 1231 governs Petitioner's detention.  See *Johnson v. Guzman Chavez*, 594 U.S. 523, 533–35 (2021) (holding that detention of noncitizens subject to administratively final orders of removal generally arises under § 1231 rather than § 1226).  Even assuming § 1231 governs and assuming the existence of a final order of removal, Respondents have not demonstrated a present statutory basis for continued detention or a significant likelihood of removal in the reasonably foreseeable future.

The record reflects that an Immigration Judge entered an *in absentia* deportation order against Petitioner in October 1994. (ECF No. 1 ¶¶ 2, 17; ECF No. 5 at 1.) Under 8 U.S.C. § 1231(a)(1)(B), the removal period generally begins when the removal order becomes administratively final, and an *in absentia* order becomes final upon entry. *See* 8 C.F.R. § 1241.1(e) (providing that an *in absentia* order becomes final immediately upon entry). Respondents maintained that Petitioner was subject to mandatory detention under § 1231(a)(2) because he had been detained for only approximately twenty-five days when they filed their response. (ECF No. 5 at 2.) The Court is not persuaded.

Respondents have not demonstrated that the removal period was tolled pursuant to 8 U.S.C. § 1231(a)(1)(C), which applies where a noncitizen acts to prevent his removal. Although Respondents argue that Petitioner failed to disclose certain information in prior immigration filings, they do not identify affirmative conduct by Petitioner that prevented or frustrated removal. (ECF No. 5 at 1–2.) To the contrary, Petitioner has presented unrebutted evidence that he repeatedly filed applications with federal immigration authorities, appeared for required appointments, submitted biometrics, maintained a known address, and otherwise remained available to immigration authorities for many years before his present detention. (ECF No. 1 ¶¶ 25–29; ECF No. 7-1 at 7.) On the present record, Respondents have failed to establish that the removal period was tolled under § 1231(a)(1)(C).

The Court further finds that Respondents have not established that Petitioner is presently detained pursuant to a valid reinstatement order under 8 U.S.C. § 1231(a)(5). Respondents repeatedly characterize Petitioner's detention as arising from a "reinstated" removal order. (ECF No. 5 at 1–3.) However, on the present record, they have not established that Petitioner's current detention is supported by a valid reinstatement determination, as they have not produced a

reinstatement order, Form I-871 Notice of Intent/Decision to Reinstate Prior Order, or any comparable documentation demonstrating that the Department of Homeland Security formally reinstated Petitioner's prior deportation order pursuant to applicable regulations.  Nor have Respondents meaningfully addressed Petitioner's contention that his 2003 return to the United States occurred pursuant to advance parole rather than an unlawful reentry. (ECF No. 1 ¶ 25; ECF No. 7-1 at 5–6.)  Accordingly, the Court cannot conclude on the present record that § 1231(a)(5) provides an independent basis for Petitioner's continued detention.

Because Respondents have failed to establish either tolling of the removal period or a valid reinstatement determination, the Court concludes that the mandatory detention authority contained in 8 U.S.C. § 1231(a)(2) no longer provides a basis for continued detention.  Even if statutory authority were assumed, continued detention is not justified under *Zadvydas v. Davis*, 533 U.S. 678 (2001).  Although Petitioner has been detained for approximately 137 days, the relevant inquiry is not solely the passage of time, but whether there is a significant likelihood of removal in the reasonably foreseeable future. *Id*. at 701 (holding that continued detention is unauthorized where there is no significant likelihood of removal in the reasonably foreseeable future).  Thus, the Court's determination rests on the absence of a demonstrated statutory basis for continued detention under 8 U.S.C. § 1231(a)(2), and the uncontroverted record that removal is not presently being effectuated.

Here, Respondents have not identified any reasonably foreseeable date for Petitioner's removal.  The record instead reflects that Petitioner has a pending motion to reopen his immigration proceedings and that an administrative stay of removal is presently in effect. (ECF No. 1 ¶¶ 30; ECF No. 7-1 at 7.)  As a result, removal is not presently imminent, and Respondents have failed to demonstrate a significant likelihood that removal will occur in the reasonably

foreseeable future.  See *Zadvydas*, 533 U.S. at 701.  The record reflects not merely delay in execution of removal, but the absence of any identified pathway for effectuating removal while proceedings remain pending.  Respondents have not identified a removal timeline, country acceptance status, or operational steps toward execution of the order.  Under these circumstances, the Court concludes that Petitioner's continued detention is unlawful.

Accordingly, the Court concludes that continued detention is not authorized under 8 U.S.C. § 1231 and is not justified under *Zadvydas*.  Therefore,

**IT IS** on this 16th day of June, 2026,

**ORDERED** that the Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner from custody within twenty-four (24) hours of the entry of this Order pursuant to 8 U.S.C. § 1231(a)(3), subject to such reasonable conditions of supervision as may be imposed by the Department of Homeland Security pursuant to applicable statutes and regulations; and it is further

**ORDERED** that nothing in this Order shall be construed as adjudicating the merits of Petitioner's pending motion to reopen, adjustment application, or any other immigration proceeding; and it is further

**ORDERED** that Respondents shall file a letter within three (3) business days advising the Court that Petitioner has been released pursuant to this Order; and it is further

**ORDERED** that Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 12) is **DISMISSED** as **MOOT**; and it is further

**ORDERED** that upon receipt of Respondents' letter, the Clerk shall mark this matter **CLOSED**.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**